MOORE, Judge.
M.W. (“the mother”) appeals from judgments • of the Cleburne Juvenile Court (“the juvenile court”) finding her children, M.N.W. and M.C.W., to be dependent and awarding custody of the children to the children’s paternal grandmother, C.W. (“the paternal grandmother”).

Procedural History

On March 29, 2010, the paternal grandmother filed in the juvenile court petitions for custody of the children, alleging that an emergency situation existed, that the children were dependent, that the children were physically, present in Alabama, and that the children were residing with the paternal grandmother.[1] That same day, she also filed a motions for temporary custody of the children. In support of her motions for temporary custody, the paternal grandmother submitted an affidavit stating, in pertinent part:
“I am the paternal grandmother to [the children]. My son, [R.H.], is [the children’s] father. [The father] has a history of drug use, otherwise, [the father] is a good father. At this point, [the father] is not a viable option for custody of the children. [The father] is supporting my Petition for Custody of his children.
“... [The mother] resides in Tallapoo-sa, Georgia. [The mother] was charged with three counts of sodomy and/or sexual abuse to children. She has recently pled guilty to that charge and is awaiting a probation hearing on April 15, 2010. It is my understanding that [the mother] pled guilty to three cases of felony child abuse.... The charges to which [the mother] pled guilty ... involve her having sex- with minor children. On one occasion, her son, [M.H.,] walked in on her during one of these sex acts.
“[The mother] is also awaiting arraignment on two pending felony child-abuse charges in Georgia for physically abusing her son, [M.C.W.]
“I have received information that [the mother] is getting out of jail today and will attempt to take the children back to Georgia with her.
“I attempted to intervene in and gain custody of these children in the State of Georgia prior to the mother going to jail and the children coming to live with me, but was unsuccessful. I have deep fears for these children’s safety ... if they are allowed to go with their mother. She has physically abused [one of the children, M.C.W.] It is also my firm belief that their mother will not be granted probation on April 15, 2010, and she will be sent to prison at that time.
“The children reside with me in my home. [The father] also resides with me in the home. I understand that I will need to supervise his contact with the children, until such time as he is given clearance to be around the children by a qualified mental health professional.
“Failure to grant me temporary custody of my grandchildren would likely result in immediate irreparable harm to them.”
That same day, the juvenile court entered orders awarding the paternal grandmother emergency temporary custody of the children.
*303 On April 16, 2010, the mother filed a motion to dismiss the paternal grandmother’s petitions, asserting that the juvenile court lacked jurisdiction; that motion was denied on May 12, 2010. A hearing was held on the paternal grandmother’s dependency petitions on May 5, 2010; no documentary or ore tenus evidence was received at that hearing.[2] On May 28, 2010, the juvenile court entered judgments finding the children dependent and awarding custody of the children to the paternal grandmother. The mother filed her notice of appeal on June 8, 2010.

Discussion

On appeal, the mother argues that the juvenile court lacked jurisdiction to determine the dependency of, and award custody of, the children. As noted previously, on March 25, 2010, the Superior Court of Haralson County, Georgia (“the Georgia court”), made a custody determination with regard to the children. Thus, we must determine if the juvenile court had jurisdiction to modify the Georgia court’s previous custody determination.
Section 30-3B-203, Ala.Code 1975, provides:
“Except as otherwise provided in Section 30-3B-204, [Ala.Code 1975,] a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under Section 30-3B-201(a)(1) or (2)[, Ala.Code 1975,] and:
“(1) The court of the other state determines it no longer has continuing, exclusive jurisdiction under Section 30-3B-202[, Ala.Code 1975,] or that a court of this state would be a more convenient forum under Section 30-3B-207[, Ala.Code 1975]; or
“(2) A court of this state or a court of the other state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in the other state.”
Assuming without deciding that the juvenile court had “jurisdiction to make an initial [custody] determination under Section 30-3B-201(a)(l) or (2),” the requirements set forth in subsections (1) and (2) of § 30-3B-203 were not met. First, with regard to subsection (1) of § 30-3B-203, there is no indication that the Georgia court had determined that “it no longer has continuing, exclusive jurisdiction under Section 30-3B-202[, Ala.Code 1975,] or that a court of this state would be a more convenient forum.” Next, with regard to subsection (2) of § 30-2B-203, the paternal grandmother’s affidavit makes it clear that the mother resides in Georgia. Thus, according to § 30-3B-203, the juvenile court could exercise jurisdiction only “as otherwise provided in Section 30-3B-204[, Ala. Code 1975].”
Section 30-3B-204, Ala.Code 1975, provides, in pertinent part:
“(a) A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.
[[Image here]]
“(c) If there is a previous child custody determination that is entitled to be enforced under this chapter, or a child custody proceeding has been com *304 menced in a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203, [Ala.Code 1975,] any order issued by a court of this state under this section must specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under Sections 30-3B-201 through 30-3B-203. The order issued in this state remains in effect until an order is obtained from the other state within^ the period specified or the period expires.
“(d) A court of this state which has been asked to make a child custody determination under this section, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203, shall immediately communicate with the other court. A court of this state which is exercising jurisdiction pursuant to Sections 30-3B-201 through 30-3B-203, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of another state under a statute similar to this section shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order.”
Although the juvenile court in the present case might have been exercising temporary emergency jurisdiction pursuant to § 30-3B-204 when it entered the March 29, 2010, temporary orders, we do not address the propriety of those orders because the mother did not file an appeal or a petition for a writ of mandamus from those orders. We, instead, are limited to determining whether the juvenile court had jurisdiction to enter the May 28, 2010, judgments in which it found the children to be dependent and awarded the paternal grandmother custody, thereby modifying the Georgia court’s March 25, 2010, judgment.
In S.C. v. J.T.C., 47 So.3d 1253 (Ala.Civ.App.2010), this court considered a case similar to the present case. In S.C., the Mobile Juvenile Court entered a judgment in November 2007 awarding custody of the child at issue to the child’s father. 47 So.3d at 1254. Subsequently, the child, the child’s father, and the child’s mother moved to Virginia. 47 So.3d at 1254. Approximately one year later, the child’s maternal aunt, without the child’s parents’ knowledge, “checked out the child from school early and transported the child to Mobile to the home of the [child’s] maternal grandmother.” 47 So.3d at 1254. The child’s maternal grandmother filed in the Mobile Juvenile Court “an instanter petition for custody of the child, alleging the dependency of the child.” 47 So.3d at 1255. On November 17, 2008, the juvenile court awarded the maternal grandmother temporary custody of the child based on the “emergency petition” filed by the maternal grandmother. 47 So.3d at 1255. Subsequently, the court held a final hearing, after which the juvenile court entered a judgment on April 24, 2009, finding the child dependent and awarding the maternal grandmother custody of the child. 47 So.3d at 1255.
On appeal, this court determined that, although the Mobile Juvenile Court had entered the most recent custody judgment pertaining to the child in 2007, that court no longer had “continuing, exclusive jurisdiction” to modify its judgment under *305 § 30-BB-202, Ala.Code 1975,[3] and could exercise jurisdiction only “ ‘as otherwise provided in § 30-3B-204.’ ” 47 So.3d at 1255 (quoting 30-3B-201(a)). This court concluded that, although the Mobile Juvenile Court had acted pursuant to § 30-3B-204 in entering its temporary emergency-custody order, that statute did not authorize that court to enter the April 24, 2009, judgment finding the child dependent and awarding custody of the child to the maternal grandmother, thereby modifying the November 2007 judgment. 47 So.3d at 1257. Thus, this court declared that judgment void, and we dismissed the appeal and instructed the juvenile court to vacate that void judgment and to amend its temporary order to comply with the requirements of § 30-3B-204(c) and (d). 47 So.3d at 1257.
Similarly, in the present case, the juvenile court had jurisdiction only to determine custody of the children under § 30-3B-204. Assuming that the juvenile court properly exercised temporary emergency jurisdiction in entering the March 29, 2010, orders, that temporary emergency jurisdiction did not authorize that court to enter the May 28, 2010, judgments finding the children dependent and awarding custody of the children to the paternal grandmother, thereby modifying the Georgia court’s judgment. Because the juvenile court’s May 28, 2010, judgments were entered without jurisdiction, they are void. S.C., 47 So.3d at 1257. “A void judgment will not support an appeal, and any appeal from a void judgment must be dismissed.” Id. at 1257.
Just like in S.C., we remand these cases •with instructions to the juvenile court to vacate its May 28, 2010, void judgments and to revise its March 29, 2010, temporary orders to comply with § 30-3B-204. S.C., 47 So.3d at 1257. Specifically, we instruct the juvenile court to “specify in the order[s] a period that the court considers adequate to allow the [paternal grandmother] to obtain an order from the state having jurisdiction under Sections 30-3B-201 through 30-3B-203. The order[s] issued in this state [shall] remainf ] in effect until an order is obtained from the other state within the period specified or the period expires.” § 30-3B-204(c). “In the event a [Georgia] court assumes jurisdiction, the juvenile court is directed to communicate and cooperate with that court to assure the protection of the child[ren] until a custody determination can be made in that court.” S.C., 47 So.3d at 1258; see also § 30-3B-204(d). If the Georgia court determines that “it no longer has continuing, exclusive jurisdiction under Section 30-3B-202 or that a court of this state would be a more convenient forum under Section 30-3B-207,” § 30-3B-203 (1), the juvenile court may then reach the merits *306 of the dependency petitions filed by the paternal grandmother because it would then have jurisdiction to modify the Georgia court’s judgment under § 30-8B-203. S.C, 47 So.3d at 1258.
APPEALS DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The record indicates that, on March 25, 2010, the Superior Court of Haralson County, Georgia, dismissed an emergency petition for a change of custody that had been filed in that court by the paternal grandmother after determining that the paternal grandmother had failed to meet her burden of proving that a change of custody from the mother to the paternal grandmother was warranted.

. The mother does not challenge the juvenile court’s failure to receive evidence at the hearing.

. Section 30-3B-202 provides:
"(a) Except as otherwise provided in Section 30-3B-204, [Ala.Code 1975,] a court of this state which has made a child custody determination consistent with Section 30-3B-201 or Section 30-3B-203[, Ala.Code 1975,] has continuing, exclusive jurisdiction over the determination until:
“(1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child’s care, protection, training, and personal relationships; or
"(2) A court of this state or a court of another state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in this state.
"(b) A court of this state which has made a child custody determination and does not have continuing, exclusive jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under Section 30-3B-201.”