THOMAS, Judge.
J.D. (“the father”) appeals from an August 20, 2012, judgment of the Lauderdale Juvenile Court declaring T.T.D. (“the child”) dependent and awarding custody of the child to the Lauderdale County Department of Human Resources (“DHR”). Because we conclude that the father is correct in arguing that the juvenile court lacked subject-matter jurisdiction to enter its dependency judgment, we dismiss the appeal with instructions that the juvenile court vacate its August 20, 2012, dependency judgment and that it amend its temporary custody orders to comply with Ala. Code 1975, § 30-3B-204, as explained below.[1]
On May 17, 2012, T.T. (“the mother”) took the child from his home in Texas, where he was residing with the father, his custodial parent by virtue of a temporary-custody judgment entered by the 256th District Court of Texas (“the Texas district court”), to Alabama. Under the Texas district court’s judgment, the mother had only supervised visitation with the child. Based on information indicating that the child had been kidnapped by his noncustodial parent, the child was removed from the custody of the mother by the Florence City Police.
DHR sought and received a pick-up order granting it temporary custody of the child on May 18, 2012. At the time the child was placed in DHR’s custody, he made disclosures regarding alleged physical and sexual abuse perpetrated upon him by his father. On May 21, 2012, DHR filed a dependency petition seeking to have the child declared dependent. DHR, though its caseworker Laura Traynor, informed the juvenile court that a custody proceeding regarding the child was pending in the Texas district court.
On May 23, 2012, the father filed a “Limited Response to Petition and Motion to Restore Custody to Custodial Parent.” In that motion, the father informed the juvenile court that he had been awarded custody of the child in an April 2012 order of the Texas district court, that the mother had been awarded only supervised visitation with the child in that order, that the mother had kidnapped the child from Texas on May 17, 2012, that the allegations of physical and sexual abuse made against him had been investigated and “ruled out” by the Texas Department of Family and *383 Protective Services, and that the mother had unsuccessfully sought to have the Texas custody proceeding dismissed based on jurisdictional grounds. The father attached as exhibits to his motion, among other things, the April 2012 custody order, documentation related to the Texas Department of Family and Protective Services’ ruling him out as a perpetrator of physical and sexual abuse against the child, and an order from the Texas district court stating that it would not decline to exercise jurisdiction over the custody of the child and declaring that it had exclusive, continuing jurisdiction over the child’s custody under Texas’s version of the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”), codified at Tex. Family Code Ann. § 152.101 et seq.
On May 23, 2012, the juvenile court entered a shelter-care order maintaining custody of the child with DHR and ordering that neither parent have unsupervised contact with the child. That order also set an adjudicatory hearing on the matter for June 19, 2012. On June 18, 2012, the father moved to have the shelter-care order vacated, arguing that the order did not comply with the directives of Ala.Code 1975, § 30-3B-204, a part of Alabama’s version of the UCCJEA. Section 30-3B-204 reads, in pertinent part:
“(a) A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.
[[Image here]]
“(c) If there is a previous child custody determination that is entitled to be enforced under this chapter, or a child custody proceeding has been commenced in a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203, [Ala.Code 1975,] any order issued by a court of this state under this section must specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under Sections 30-3B-201 through 30-3B-203. The order issued in this state remains in effect until an order is obtained from the other state within the period specified or the period expires.
“(d) A court of this state which has been asked to make a child custody determination under this section, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203, shall immediately communicate with the other court. A court of this state which is exercising jurisdiction pursuant to Sections 30-3B-201 through 30-3B-203, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of another state under a statute similar to this section shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order.”
At the scheduled hearing on June 19, 2012, the father appeared through counsel, who argued that the juvenile court lacked jurisdiction to adjudicate the dependency of the child. The court continued the adjudicatory hearing and took the father’s argument under advisement at that time. On July 16, 2012, the juvenile court amended its shelter-care order by stating that DHR was awarded custody “pendente lite.” The July 2012 order further set the *384 matter for an adjudicatory hearing on August 17, 2012.
The father, on July 25, 2012, moved to vacate the amended shelter-care order. After an adjudicatory hearing on August 17, 2012, the juvenile court entered a judgment adjudicating the child to be dependent and awarding custody to DHR on August 20, 2012.[2] The juvenile court entered a separate order on the same date denying the father’s pending motions. The father timely appealed to this court.
On appeal, the father argues that the juvenile court lacked jurisdiction to enter its August 20, 2012, dependency judgment. DHR, while not formally conceding error on the part of the juvenile court, does indicate in its brief that the juvenile court’s judgment is “seemingly void” because the juvenile court failed to communicate with the Texas district court as required by § 30-3B-204(d) and failed to place any limitations on its temporary-custody orders as contemplated by § 30-3B-204(c). We appreciate the candor of DHR in admitting the probable error committed by the juvenile court.
This court has considered similar jurisdictional issues before. See, generally, M.W. v. C.W., 60 So.3d 301, 305 (Ala.Civ.App.2010); S.C. v. J.T.C., 47 So.3d 1253, 1257 (Ala.Civ.App.2010); R.W. v. G.W., 2 So.3d 869, 871 (Ala.Civ.App.2008); and M.B.L. v. G.G.L., 1 So.3d 1048, 1051 (Ala.Civ.App.2008).
“[T]he Uniform Child Custody Jurisdiction and Enforcement Act (‘the UC-CJEA’), codified at Ala. Code 1975, § 30-3B-101 et seq., controls decisions regarding whether a court of this state has jurisdiction to make a child-custody determination or to modify another state’s child-custody determination. M.J.P. v. K.H., 923 So.2d 1114, 1116-17 (Ala.Civ.App.2005). A ‘child-custody determination,’ as defined in the UCCJEA, includes any judgment providing for the legal or physical custody of a child or providing visitation with a child. § 30-3B-102(3). A ‘child-custody proceeding’ is defined in the UCCJEA to include not only divorce actions involving the custody of a child, but also ‘neglect, ... dependency, ... [and] termination of parental rights’ actions in which the issue of child custody is addressed. § 30-3B-102(4).”
R.W., 2 So.3d at 871. An Alabama circuit or juvenile court may not make any custody determination — neither an initial custody determination nor a determination as to *385 modification of custody — regarding a child unless that court has jurisdiction to make an initial custody determination under the UCCJEA, which jurisdiction typically turns on whether Alabama is the home state of the child.[3] See Ala.Code 1975, § S0-3B-201 and -203 (providing when a court of this state may make an initial custody determination or modify the custody determination of a court of another state). However, in situations in which a child-custody proceeding is pending in another state or a previous child-custody determination exists, an Alabama court may exercise temporary emergency jurisdiction under § 30-3B-204 when a child is present in this state and “it is necessary in an emergency to protect the child because the child ... is subjected to or threatened with mistreatment or abuse.” § 30-3B-204(a). The temporary emergency jurisdiction that an Alabama court may exercise pursuant to § 30-3B-204 is “extremely limited,” see 1 So.3d at 1051, and an Alabama court must comply with the manner of exercising that jurisdiction set out in that section. LaRose v. LaRose, 71 So.3d 651, 657 (Ala.Civ.App.2011).
Section 30-3B-204, as quoted above, requires an Alabama court exercising temporary emergency jurisdiction (1) to enter a temporary order that is limited in time and that requires the person seeking a custody determination to obtain a custody order from the applicable court in the state having jurisdiction within that time limitation and (2) to immediately communicate with the court in the other state to resolve the emergency and to determine the effective duration of the temporary emergency order.[4] The juvenile court in the present case did neither. In addition to entering temporary orders that did not comply with the requirements of § 30-3B-204, the juvenile court went further and adjudicated the dependency of the child despite the fact that the child was the subject of a custody proceeding in, and the subject of a custody judgment of, the Texas district court. This the juvenile court could not do. M.W., 60 So.3d at 305; S.C., 47 So.3d at 1257.
As we explained in M.W., a juvenile court exercising temporary emergency jurisdiction under § 30-3B-204 does not have jurisdiction to adjudicate dependency and award custody by virtue of the limited jurisdiction provided to it. M.W., 60 So.3d at 301. In M.W., a maternal grandmother sought to have her grandchildren declared dependent and to be awarded custody of those children; the children resided with her in Alabama at the time she filed her dependency petition. Id. at 302. The maternal grandmother had previously sought custody of the children in a Georgia court, but that court had denied her request. Id. Because the children were the subject of a Georgia custody judgment, because the children’s mother was still a resident of Georgia, and because the record did not reflect that the Georgia court had declined to exercise its continuing, exclusive jurisdiction over the children, the Alabama juvenile court could exercise only temporary emergency jurisdiction over the children. Id. at 303. Accordingly, this court concluded that the juvenile court’s dependency judgments had been entered without *386 jurisdiction, were void, and would not support an appeal. Id. at 805. We dismissed the appeal, but we instructed the juvenile court to vacate its dependency judgments and to amend its temporary orders to comply with § 80-3B-204. Id.
Similarly, in S.C., this court determined that the allegations contained in a maternal grandmother’s petition seeking to declare a child dependent and seeking custody of that child, who was a resident of Virginia, permitted the Alabama juvenile court to exercise temporary emergency jurisdiction pursuant to § 30-3B-204. S.C., 47 So.3d at 1256. However, we further explained that the exercise of temporary emergency jurisdiction “did not authorize the juvenile court to conduct [a] subsequent dependency proceeding.” Id. at 1257. Instead of setting the matter for a dependency trial in its temporary orders, we explained, the juvenile court was required by § 30-3B-204 to specify a definite period during which the maternal grandmother could seek a custody order from a Virginia court or an order from a Virginia court declining to exercise jurisdiction. Id. We concluded that the juvenile court’s judgment declaring the child dependent and awarding the maternal grandmother custody of the child had been entered without jurisdiction and was therefore void; we dismissed the appeal with instructions that the juvenile court vacate its dependency judgment and amend its temporary-custody order to comply with § 30-3B-204. Id. at 1257-58.
The child in the present case is the subject of a Texas district court order awarding custody of the child to the father. The Texas district court has not declined to exercise its jurisdiction over the child. The juvenile court was permitted to exercise temporary emergency jurisdiction under § 30-3B-204. However, despite being apprised of the limitations of its jurisdiction, the juvenile court not only failed to comply with § 30-3B-204 in its temporary orders but went further and adjudicated the dependency of the child in violation of the UCCJEA. See M.W., 60 So.3d 301.; S.C., 47 So.3d at 1257. Thus, as in M.W. and S.C., the judgment of the juvenile court is void, and this appeal is dismissed with instructions that the juvenile court vacate its August 20, 2012, judgment, that it comply with the requirements of § 30-3B-204 by amending the orders entered under its emergency temporary jurisdiction to include the appropriate limitations on those orders, and that it communicate with the Texas district court “to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order.” § 30-3B-204(d).
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. Because we find the father's jurisdictional argument dispositive, we pretermit the father’s other argument on appeal. See L.R. v. C.G., 78 So.3d 436, 442 (Ala.Civ.App.2011) (citing Favorite Mkt. Store v. Waldrop, 924 So.2d 719, 723 (Ala.Civ.App.2005)) (stating that this court would pretermit discussion of certain issues in light of the dispositive nature of another issue).

. On July 23, 2012, the mother filed what she entitled a "Petition for Custody.” However, the mother did not pay a separate filing fee, see Farmer v. Farmer, 842 So.2d 679, 681 (Ala.Civ.App.2002) (holding that the payment of a filing fee is a jurisdictional prerequisite to the commencement of an action), and the mother did not properly serve the petition on any party under Rule 4, Ala. R. Civ. P. See M.M. v. B.L., 926 So.2d 1038, 1041-42 (Ala.Civ.App.2005) (finding a judgment terminating the parental rights of a father void because the petitioner had not properly served the petition on the father under Rule 4 but instead had merely served the petition on his attorney under Rule 5, Ala. R. Civ. P., providing for the service of pleadings filed subsequent to the filing of an original complaint). Because it appears that the mother never answered the dependency petition, because the mother’s "petition” seeks a return of custody based on allegations that the child is not dependent based upon her conduct or condition, and because the "petition” requests that DHR be relieved of its obligations to the child, we consider the "petition” to be an answer and a request for return of custody upon the denial of DHR’s dependency petition as opposed to a separate custody petition. Therefore, we deem the mother’s request for return of custody to have been implicitly denied when the juvenile court entered its August 20, 2012, judgment declaring the child dependent and awarding custody of the child to DHR. Thus, no issues remain pending before the juvenile court, and its August 20, 2012, judgment is final.

. DHR does not dispute that Alabama is not the child’s home state.

. We have further noted that an order entered under a juvenile court’s temporary emergency jurisdiction must "speciffy] a definite period for the [party seeking the custody order] to obtain a custody order from the applicable [court in the other state] ... or to obtain an order from [the court in the other state] declining to exercise jurisdiction because the Alabama juvenile court was a more appropriate forum.” S.C., 47 So.3d at 1257. However, we note that the record contains a Texas district court order on the mother’s jurisdictional challenge in which that court denied the mother’s request that it decline jurisdiction on the asserted ground of forum non conveniens and in which it further stated that it had continuing, exclusive jurisdiction over the child.