MOORE, Judge.
G.S. ("the mother"), the mother of S.L., M.K., and P.S. ("the children"), appeals from a judgment, entered by the Madison Juvenile Court ("the juvenile court") in three separate cases on May 10, 2017, transferring custody of S.L., M.K., and P.S. from the mother to R.L., D.K., and G.R., respectively.
Facts and Procedural Background
S.L. was born on November 14, 2011; M.K. was born on October 29, 2012; and P.S. was born on May 29, 2014. Since their births, the children had resided with the mother in Oak Ridge, Tennessee, until the children's maternal grandmother, G.R. ("the maternal grandmother"), on or about March 7, 2016, took the children to her residence in Huntsville, Alabama.
On March 14, 2016, the maternal grandmother filed in the juvenile court three separate, but almost identical, petitions seeking custody of each child on the basis of the children's alleged dependency as a result of their being exposed to drug abuse, neglected, and abandoned.[1] The petition *680 concerning S.L. was assigned case no. JU-16-281.01; the petition concerning M.K. was assigned case no. JU-16-282.01; and the petition concerning P.S. was assigned case no. JU-16-283.01. In each petition, the maternal grandmother alleged that the children had been residing with her for two months. The maternal grandmother further notified the juvenile court that a Tennessee court had previously opened cases and entered orders relating to the children, although the maternal grandmother did not specify the nature of those cases and orders.
Before any service was made on the mother or any other interested parties, the juvenile court awarded the maternal grandmother pendente lite custody of the children on May 6, 2016. R.L., who is a resident of Tennessee, and D.K., who is a resident of Kentucky, subsequently appeared before the juvenile court, asserting their paternity of S.L. and M.K., respectively. R.L. and D.K. filed answers and counterclaims denying the dependency of, and seeking custody of, S.L. and M.K., respectively. In their counterclaims, which were filed in 2017, R.L. and D.K. both pointed out that the children had been residing in Alabama with the maternal grandmother for more than six consecutive months and both purported to submit to the jurisdiction of the juvenile court to decide the question of the dependency and custody of S.L. and M.K.
The juvenile court consolidated the cases for a single trial, which commenced on March 16, 2017. On March 17, 2017, the juvenile court entered an order awarding pendente lite custody of S.L. to R.L. and a separate order awarding pendente lite custody of M.K. to D.K. After the trial was concluded on April 6, 2017, the juvenile court, on May 10, 2017, rendered a judgment, which was entered in all three cases, finding that S.L. and M.K. were not dependent but that a change of custody to their respective fathers would "promote the best interests of [S.L. and M.K.] and that the benefits to [S.L. and M.K.] of a change of custody outweigh[s] the inherent detriments." The juvenile court further found P.S. to be a dependent child and awarded custody of P.S. to the maternal grandmother. On May 12, 2017, the mother filed notices of appeal in all three cases. This court consolidated the appeals.
Discussion
The maternal grandmother commenced the proceedings in the juvenile court by filing petitions indicating that the children had resided in Tennessee since their births but that they had been residing with her in her home in Huntsville for the preceding two months.[2] That information should have triggered the juvenile court to investigate its jurisdiction over the petitions under the Uniform Child Custody Jurisdiction and Enforcement Act ("the UCCJEA"), §§ 30-3B-101 et seq., Ala. Code 1975, which governs subject-matter jurisdiction over all child-custody proceedings, including dependency and modification proceedings. See Ala. Code 1975, § 30-3B-102(4).
The UCCJEA generally provides that an Alabama court may exercise jurisdiction over a child-custody proceeding only when Alabama is the home state of the child at issue. See J.D. v. Lauderdale Cty. Dep't of Human Res., 121 So.3d 381, 384-85 (Ala. Civ. App. 2013). Section 30-3B-102(7), Ala. Code 1975, defines "home state" as
"[t]he state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately *681 before the commencement of a child custody proceeding. ... A period of temporary absence of the child or any of the mentioned persons is part of the period."
The information in the petitions in these cases indicated that Tennessee, not Alabama, was the home state of the children at the time of the filing of the petitions. Accordingly, the juvenile court could not have exercised home-state jurisdiction but, rather, could have exercised jurisdiction only as otherwise authorized by the UCCJEA.
Under §§ 30-3B-201(a)(2) or (a)(3), an Alabama court without home-state jurisdiction can exercise jurisdiction over a child-custody proceeding if a court, or all courts, with home-state jurisdiction has declined to exercise jurisdiction on the ground that the Alabama court constitutes the more appropriate forum.[3] The record in these cases does not contain any order from any Tennessee court declining to exercise its home-state jurisdiction over the children on the ground that the juvenile court constituted a more appropriate forum.[4] Thus, the juvenile court did not have jurisdiction over the maternal grandmother's dependency petitions or R.L.'s and D.K.'s counterclaims seeking custody of S.L. and M.K., respectively, through this mechanism provided in the UCCJEA.
The UCCJEA also allows an Alabama court without home-state jurisdiction to exercise temporary emergency jurisdiction. Section 30-3B-204(a), Ala. Code 1975, provides:
"A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse."
In her petitions, the maternal grandmother alleged that she was keeping the children in Alabama because they were being subjected to abuse and neglect in the mother's home in Tennessee and because the mother had abandoned the children. The guardian ad litem for the children filed a motion summarizing statements made by the maternal grandmother that indicated that the maternal grandmother had removed the children from the home of the mother because the mother's house was unclean and because the mother and her paramour were not properly caring for the children. Based on that information, the juvenile court awarded the maternal grandmother pendente lite custody of the children.
However,
"[t]he temporary emergency jurisdiction that an Alabama court may exercise pursuant to § 30-3B-204 is 'extremely limited,' see M.B.L. [v. G.G.L.], 1 So.3d [1048] at 1051 [ (Ala. Civ. App. 2008) ], and an Alabama court must comply with *682 the manner of exercising that jurisdiction set out in that section. LaRose v. LaRose, 71 So.3d 651, 657 (Ala. Civ. App. 2011)."
J.D., 121 So.3d at 385. Section 30-3B-204 provides that, upon making an emergency order for the protection of a child who is only temporarily in this state, an Alabama court must ascertain whether any previous custody determination has been made regarding the child at issue. If a previous enforceable child-custody determination has been entered by a court of another state, the juvenile court "shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order." § 30-3B-204(d).
The record in these cases shows no attempt by the juvenile court to comply with § 30-3B-204. Although the maternal grandmother had notified the juvenile court in her petitions that a previous child-custody determination regarding the children might have been made by a Tennessee court, the juvenile court did not contact that court to resolve the jurisdictional issue, as required by the UCCJEA, and did not limit the duration of its pendente lite custody award to the maternal grandmother. Even when the juvenile court learned at trial on March 16, 2017, that an Anderson County, Tennessee, court might have made a custody determination concerning S.L. and M.K.,[5] see note 4 infra, the juvenile court did not contact that court; instead, it asserted the power to modify any previous custody determination based on the theory that R.L. and D.K. had voluntarily submitted to its jurisdiction. Subject-matter jurisdiction over a child-custody proceeding, including a custody-modification action, cannot be conferred upon an Alabama court by an agreement of the parties. M.B.L. v. G.G.L., 1 So.3d 1048, 1051 (Ala. Civ. App. 2008) (citing Official Comment to Ala. Code 1975, § 30-3B-201 ).[6]
A juvenile court with only temporary emergency jurisdiction cannot adjudicate the dependency of a child unless and until it first complies with § 30-3B-204 by determining whether a previous enforceable child-custody determination has been made in the child's home state and by giving the home-state court an opportunity to assume its continuing, exclusive jurisdiction over the child. See J.D., supra. In these cases, the juvenile court purported to adjudicate the dependency of the children without first complying with § 30-3B-204. Compounding its error, the juvenile court determined that S.L. and M.K. were not dependent and then continued to assume jurisdiction to "modify" their custody rather than dismissing the cases. See, e.g., K.C.G. v. S.J.R., 46 So.3d 499, 501-02 (Ala. Civ. App. 2010) ("If a juvenile court determines that the child is not dependent, the court must dismiss the dependency petition".). Therefore, its final judgment awarding custody of S.L., M.K., and P.S. to R.L., D.K., and G.R., respectively, is void for lack of subject-matter jurisdiction. See J.D., supra.
A void judgment will not support an appeal.
*683 A.L. v. Morgan Cty. Dep't of Human Res., 102 So.3d 394, 396 (Ala. Civ. App. 2012). Therefore, we dismiss the appeals in all three cases, albeit with instructions to the juvenile court to develop a record regarding whether the children had been the subjects of previous enforceable child-custody determinations, and, upon making that factual determination, to follow the letter and the spirit of § 30-3B-204 to determine the appropriate court to proceed further with each case. See J.D., 121 So.3d at 386.
Conclusion
We conclude that the juvenile court had authority to exercise its temporary emergency jurisdiction to address the custody of the children, but that it failed to comply with § 30-3B-204 and, therefore, acted beyond its temporary emergency jurisdiction by making dependency and custody determinations in its final judgment. We therefore dismiss the mother's appeals from the juvenile court's final judgment, albeit with instructions to the juvenile court to vacate the judgment, which was entered in each case. In compliance with this opinion, the juvenile court is ordered to exercise its temporary emergency jurisdiction in accordance with § 30-3B-204 and to make such orders as are necessary for the protection of the children pending resolution of the jurisdictional issue.
2160643-APPEAL DISMISSED WITH INSTRUCTIONS.
2160644-APPEAL DISMISSED WITH INSTRUCTIONS.
2160645-APPEAL DISMISSED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

Although the maternal grandmother did not use the word "dependency" in her petitions, she alleged facts that, if proven, would have supported a finding of dependency, and, therefore, she invoked the dependency jurisdiction of the juvenile court. See generally M.B. v. R.P., 3 So.3d 237, 245 (Ala. Civ. App. 2008).

The evidence in the record indicates that the children had actually been visiting with the maternal grandmother for only approximately one week and that she had decided not to return the children to their home in Tennessee at the end of that visitation.

Sections 30-3B-201(a)(2) and (a)(3) provide that a foreign court may determine that an Alabama court is the more appropriate forum either because the foreign court is an inconvenient forum, see § 30-3B-207, Ala. Code 1975, or because the party invoking the jurisdiction of the foreign court has committed unjustifiable conduct, see § 30-3B-208, Ala. Code 1975.

The attorneys for R.L. and D.K. informed the juvenile court that an Anderson County, Tennessee, court had awarded the mother child support payable by R.L. and D.K. but that its child-support orders had been "extinguished." From that information, the juvenile court inferred that the mother had been awarded custody of the children, but the record does not contain any custody orders from the Anderson County, Tennessee, court. At any rate, the record does not contain any evidence that the Anderson County, Tennessee, court had declined to exercise any continuing exclusive jurisdiction it might have had over the custody of S.L. and M.K.

Some information indicates that the father of P.S. had died before the dependency proceedings were commenced, but no testimony was presented regarding whether a child-custody determination had been made regarding P.S. before the death of his father.

In their counterclaims, R.L. and D.K. assumed that the juvenile court had jurisdiction over their custody claims because the children had by then been residing in Alabama with the maternal grandmother for the previous six months. Under the UCCJEA, however, "home-state" jurisdiction is determined at the commencement of the proceeding, not later. See § 30-3B-102(7).