THOMPSON, Presiding Judge.
On November 20, 2017, T.M. and E.M. ("the paternal grandparents") filed in the Geneva Juvenile Court ("the juvenile court") petitions seeking to have their minor grandchildren, J.W.M. and N.M., declared dependent, to be awarded custody of the children, and to terminate the parental rights of J.M. ("the mother") and B.M. ("the father") to the children. In their petitions, the paternal grandparents alleged that they have had physical custody of the children since October 4, 2014.
J.B. ("the maternal grandmother"), a Florida resident, filed a December 4, 2017, letter in the juvenile court in which she alleged, among other things, that she was the children's adoptive mother. In support of her allegation that she had adopted the children, the maternal grandmother attached to her December 4, 2017, letter an October 27, 2017, adoption judgment of the Polk County, Florida, Circuit Court ("the Florida court").
The mother filed in the juvenile court a letter answering the petitions and an affidavit of substantial hardship. The materials before us indicate that the juvenile-court clerk returned the affidavit of substantial hardship to the mother because it was not properly notarized. The father did not respond to the paternal grandparents' petitions.
The juvenile court conducted an ore tenus hearing on December 20, 2017. Also on December 20, 2017, the juvenile court entered orders finding the children to be dependent, awarding pendente lite custody of the children to the paternal grandparents, and scheduling both a review hearing and a "dispositional" hearing for dates in 2018. In those December 20, 2017, orders, the juvenile court found that the children had been living with the paternal grandfather since 2014 and had been residents of Alabama since 2015 and, therefore, that the children were subject to the jurisdiction of the juvenile court. The mother filed a notice of appeal as to both actions on January 2, 2018. Because the orders of the juvenile court are not final orders that would support an appeal, we have elected to treat the mother's appeal as petitions for a writ of mandamus. Ex parte T.C., 96 So.3d 123, 129 (Ala. 2012) ; Ex parte B.N., 203 So.3d 1234, 1240 (Ala. Civ. App. 2016).[1]
*1176 The Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), § 30-3B-101 et seq., Ala. Code 1975, governs actions addressing issues of child custody, including dependency actions and actions seeking to terminate parental rights. § 30-3B-102(4), Ala. Code 1975; R.L. v. J.E.R., 69 So.3d 898, 901 (Ala. Civ. App. 2011) ; R.W. v. G.W., 2 So.3d 869, 871 (Ala. Civ. App. 2008). To properly exercise jurisdiction over the paternal grandparents' petitions, the juvenile court was required to comply with the jurisdictional requirements of the UCCJEA. R.S. v. B.C., 248 So. 3d 10 (Ala. Civ. App. 2017).
The materials before us indicate that, in 2014, the maternal grandmother, a resident of Florida, asked the paternal grandparents to take custody of the children. The paternal grandfather testified that the paternal grandparents obtained a temporary custody order from a court in South Carolina, where they lived in 2014. In 2015, before a final order could be entered in South Carolina, the paternal grandparents and the children moved to Alabama. Also in 2015, the maternal grandmother initiated her adoption action in Florida that resulted in the 2017 adoption judgment issued by the Florida court.
At the end of the December 20, 2017, hearing, the juvenile court asked the parties to submit to it the files from the South Carolina court and from the Florida court. The juvenile court stated that it was exercising emergency jurisdiction over the children, and it afforded the parties 30 days to present to it the evidence concerning the other actions pertaining to the children.
Under the UCCJEA, a court of this state may exercise emergency jurisdiction over an action addressing child custody if the child is present in this state and the facts warrant the exercise of that emergency jurisdiction. § 30-3B-204(a), Ala. Code 1975. This court has explained:
"An Alabama circuit or juvenile court may not make any custody determination--neither an initial custody determination nor a determination as to modification of custody--regarding a child unless that court has jurisdiction to make an initial custody determination under the UCCJEA, which jurisdiction typically turns on whether Alabama is the home state of the child. See Ala. Code 1975, § 30-3B-201 and -203 (providing when a court of this state may make an initial custody determination or modify the custody determination of a court of another state). However, in situations in which a child-custody proceeding is pending in another state or a previous child-custody determination exists, an Alabama court may exercise temporary emergency jurisdiction under § 30-3B-204 when a child is present in this state and '[the child has been abandoned or] it is necessary in an emergency to protect the child because the child ... is subjected to or threatened with mistreatment or abuse.' § 30-3B-204(a). The temporary emergency jurisdiction that an Alabama court may exercise pursuant to *1177 § 30-3B-204 is 'extremely limited,' see M.B.L. [v. G.G.L.], 1 So.3d [1048,] 1051 [ (Ala. Civ. App. (2008) ], and an Alabama court must comply with the manner of exercising that jurisdiction set out in that section. LaRose v. LaRose, 71 So.3d 651, 657 (Ala. Civ. App. 2011)."
J.D. v. Lauderdale Cty. Dep't of Human Res., 121 So.3d 381, 384-85 (Ala. Civ. App. 2013) (bracketed language added).
Thus, the jurisdiction exercised by the juvenile court in these actions was limited.[2] "A juvenile court with only temporary emergency jurisdiction cannot adjudicate the dependency of a child unless and until it first complies with § 30-3B-204...." G.S. v. R.L., 259 So.3d 677 (Ala. Civ. App. 2018). In G.S. v. R.L., supra, this court held that judgments purporting to find the children at issue in that case dependent and making a custody award based on that finding were void, and this court dismissed the appeal with instructions for the juvenile court in that case to comply with the requirements of § 30-3B-204. See also J.D. v. Lauderdale Cty. Dep't of Human Res., 121 So.3d at 385 ("[A] juvenile court exercising temporary emergency jurisdiction under § 30-3B-204 does not have jurisdiction to adjudicate dependency and award custody by virtue of the limited jurisdiction provided to it."); M.W. v. C.W., 60 So.3d 301, 305 (Ala. Civ. App. 2010) (same).
"[T]emporary emergency jurisdiction did not authorize the juvenile court to conduct the ... dependency proceeding." S.C. v. J.T.C., 47 So.3d 1253, 1257 (Ala. Civ. App. 2010). In these cases, the juvenile court made dependency determinations, which it was without jurisdiction to do in exercising emergency jurisdiction over the children. Therefore, insofar as they contain dependency determinations, the juvenile court's orders are void.
However, in these cases, unlike in G.S. v. R.L., supra, the juvenile court recognized that jurisdictional questions existed, asked the parties to submit additional information to it, and awarded pendente lite custody to the paternal grandparents in order to protect the children while the jurisdictional issues were being considered. Thus, the materials before us and the juvenile court's award of pendente lite custody indicates that the juvenile court intends to comply with § 30-3B-204 before progressing further on the merits of the paternal grandparents' petitions to terminate parental rights. See, e.g., § 30-3B-204(d) ("A court of this state which is exercising jurisdiction pursuant to Sections 30-3B-201 through 30-3B-203, [Ala. Code 1975,] upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of another state under a statute similar to this section shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order.").
We hold that the juvenile court's December 20, 2017, orders, insofar as they determine that the children are dependent are *1178 void, and, thus, we dismiss the petitions for a writ of mandamus as they pertain to that aspect of the orders. Ex parte Wynn, 227 So.3d 534, 535 (Ala. Civ. App. 2017). In her brief filed in this court, the mother also argues that the juvenile court erred in finding the children dependent without affording her an appointed attorney. See § 12-15-305(b), Ala. Code 1975 ("In dependency and termination of parental rights cases, the respondent parent ... shall be informed of his or her right to be represented by counsel and, if the juvenile court determines that he or she is indigent, counsel shall be appointed where the respondent parent ... is unable for financial reasons to retain his or her own counsel."). The mother argues that the juvenile court could not find the children dependent without first allowing her to be represented in the juvenile court. See R.H. v. D.N., 5 So.3d 1253, 1254-55 (Ala. Civ. App. 2008) (holding that because an indigent parent is entitled to a court-appointed attorney in a dependency action, the juvenile court had erred in failing to appoint an attorney to represent the mother in that case).
Our resolution of the issue whether the juvenile court had jurisdiction to determine the dependency of the children renders the issue whether the juvenile court erred under the facts of these cases in failing to appoint an attorney to represent the mother before finding the children to be dependent moot, and we deny the mother's petitions for that reason. We note, however, that, moving forward, the juvenile court may rule on any request for the appointment of an attorney the mother might file in that court.
However, assuming the juvenile court determines that it may exercise jurisdiction under the UCCJEA and that the mother has standing, see note 1, supra, if the juvenile court determines the mother to be indigent, she is entitled to have an attorney represent her at a dependency or termination hearing. § 12-15-305(b) ; R.H. v. D.N., supra. The mother has not challenged the award of pendente lite custody to the paternal grandparents, and, therefore, we do not address that aspect of the juvenile court's December 20, 2017, orders.
2170615--PETITION DISMISSED IN PART AND DENIED IN PART AS MOOT.
2170616- PETITION DISMISSED IN PART AND DENIED IN PART AS MOOT.
Pittman, Thomas, and Donaldson, JJ., concur.
Moore, J., concurs in the result, without writing.

Solely for the purpose of resolving this matter, we treat the mother as having standing to challenge the propriety of the juvenile court's interlocutory orders. "Standing ... turns on 'whether the party has been injured in fact and whether the injury is to a legally protected right.' " State v. Property at 2018 Rainbow Dr., 740 So.2d 1025, 1027 (Ala. 1999) (quoting Romer v. Board of Cty. Comm'rs of the City of Pueblo, 956 P.2d 566, 581 (Colo. 1988) (Kourlis, J., dissenting) ). In support of her submission of the Florida court's adoption judgment, the maternal grandmother submitted evidence to the juvenile court indicating that the mother had consented to the termination of her parental rights. This court has held that when a parent's parental rights to a child have been terminated, that parent does not have standing to challenge a subsequent judgment concerning the custody of the child because that parent "no longer has a 'legally protected right' with regard to the child." E.V.W. v. Jefferson Cty. Dep't of Human Res., 893 So.2d 1212, 1213 (Ala. Civ. App. 2004). As is explained in the body of this opinion, infra, the juvenile court has exercised only emergency jurisdiction over the children until such time as it can obtain sufficient information to determine its jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, § 30-3B-101 et seq., Ala. Code 1975. The determination of the issue whether the Florida court's adoption judgment controls or is enforceable will also affect whether the mother may assert rights to the children.

Although the juvenile court orally mentioned its exercise of emergency jurisdiction during the ore tenus hearing, the juvenile court's December 20, 2017, orders do not expressly state that it was exercising emergency jurisdiction. However, this court will not presume error on the part of the juvenile court, see J.B. v. DeKalb Cty. Dep't of Human Res., 12 So.3d 100, 120 (Ala. Civ. App. 2008), especially where, as here, it is clear that during the ore tenus hearing the juvenile court was considering the jurisdictional implications of the other actions and recognized that it could exercise only emergency jurisdiction over the pending actions.