CRAWLEY, Presiding Judge.
K.H. (“the mother”) has five children, X.Í.H., Z.F.H., C.K., M.K.K., ánd M.J.K., apparently by two different men, P.R. and E.E.K. In 2003, the Department of Human Resources (“DHR”) filed dependency petitions regarding the younger three children, C.K., M.K.K., and M.J.K., who had béen kidnapped from the mother in Missouri and returned to Alabama by their alleged father, E.E.K. Those petitions were resolved by a stipulation of dependency entered into by the mother and DHR; the mother was awarded custody on July 23, 2003. Another set of dependency petitions regarding the three younger children was filed in 2003 by E.K., the younger children’s paternal uncle. Those petitions were dismissed on the paternal uncle’s motion on April 22, 2004.
DHR sought a modification in the dependency actions involving the three younger children and filed new dependency petitions regarding the older children, X.T.H. and Z.F.H., on April 16, 2004.. E.E.K. and P.R. filed separate motions to intervene in those cases, which were granted. The mother filed a motion to dismiss the cases involving X.T.H. and Z.F.H.- for lack of jurisdiction; she argued that a paternity action concerning X.T.H. and Z.F.H. was currently pending in Illinois. E.E.K. also filed a motion to dismiss all the cases for lack of jurisdiction; he argued that neither the mother nor any of the children had been residents of Alabama in the 180 days preceding the filing of the dependency actions and that the allegations giving rise to the petitions had occurred outside of the state. After a hearing at which the only testimony was that of P.R. in regard to whether a case involving X.T.H. and Z.F.H. was currently pending in Illinois, the juvenile court granted both E.E.K’s and the mother’s motions to dismiss with *1116 out explanation. The guardian ad litem for the children, M.J.P., appeals, arguing that the cases should not have been dismissed.
The Parental Kidnapping Prevention Act (“PKPA”), 28 U.S.C. § 1738A, and Alabama’s version of the Uniform Child Custody Jurisdiction and Enforcement Act (“UCCJEA”), codified at Ala.Code 1975, § 30-3B-101 et seq., govern when a state has jurisdiction to decide a child-custody issue. The PKPA states that continuing jurisdiction remains in a state that has made a child-custody determination provided that the state continues to have jurisdiction under the state’s laws and the child or at least one “contestant” resides in that state. 28 U.S.C. § 1738A(d); see also Holloway v. Holloway, 519 So.2d 531, 532 (Ala.Civ.App.1987).
Section 30-3B-201 of the UCCJEA outlines when a court of this state has jurisdiction to make an initial custody determination:
“(a) Except as otherwise provided in Section 30-3B-204, a court of this state has jurisdiction to make an initial child custody determination only if:
“(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
“(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, and:
“a. The child and the child’s parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and “b. Substantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships;
“(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 30-3B-207 or 30-3B-208; or
“(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).”
Section 30-3B-202 explains when a court of this state has continuing jurisdiction of a custody case:
“(a) Except as otherwise provided in Section 30-3B-204, a court of this state which has made a child custody determination consistent with Section 30-3B-201 or Section 30-3B-203 has continuing, exclusive jurisdiction over the determination until:
“(1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child’s care, protection, training, and personal relationships; or
“(2) A court of this state or a court of another state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in this state.
“(b) A court of this state which has made a child custody determination and *1117 does not have continuing, exclusive jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under Section 30-3B-201.”
The UCCJEA provides that a court of this state has jurisdiction to modify a custody determination of another state only if the Alabama court has jurisdiction to make an initial determination under § 30-3B-201(a)(1) or (2) and
“(1) The court of the other state determines that it no longer has continuing, exclusive jurisdiction under Section 30-3B-202 or that a court of this state would be a more convenient forum under Section 30-3B-207; or
“(2) A court of this state or a court of the other state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in the other state.”
Ala.Code 1975, § 30-3B-203. In cases involving simultaneous proceedings in different states, the UCCJEA requires the Alabama court to examine the court documents from the other state’s court and determine whether that other state’s court has jurisdiction substantially in conformity with the provisions of the UCCJEA. § 30-3B-206(b). If the Alabama court determines that the other state’s court has jurisdiction, the Alabama court must stay proceedings in its court and communicate with the other state’s court. Id.
The juvenile court’s dismissal order indicates that it granted both the mother’s and E.E.K’s motions to dismiss for lack of jurisdiction after “argument and testimony.” As noted above, however, the only testimony at the hearing on the motions to dismiss was that of P.R., who testified on the issue whether another case regarding X.T.H. and Z.F.H. was currently pending in Illinois. No evidence regarding whether and for how long the mother and the children had lived in another state or whether the allegations giving rise to the new petitions were based on actions outside of Alabama was adduced by any party. The juvenile court also failed to communicate with the Illinois court to determine whether a case involving X.T.H. and Z.F.H. was currently pending in Illinois and, if so, whether the Illinois court or the Alabama court was the more appropriate jurisdiction for a custody determination regarding X.T.H. and Z.F.H.
In light of the lack of evidence concerning the facts upon which jurisdiction under the PKPA or UCCJEA would be based, we have no choice but to reverse the judgment of the juvenile court and remand the cause to that court for it to take the necessary evidence, determine the necessary facts, and apply the PKPA and UCCJEA to those facts.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, PITTMAN, MURDOCK, and BRYAN, JJ., concur.