THOMPSON, Presiding Judge.
On September 12, 2016, B.C. ("the aunt") filed a petition in the Coffee Juvenile Court ("the juvenile court") seeking to have W.C. ("the child") declared dependent and seeking an award of custody of the child. In that petition, the aunt alleged that the child's father was incarcerated and that the child's mother, R.S. ("the mother"), had exposed the child to violence and was financially unable to provide for him. The aunt also filed a separate petition seeking an award of emergency custody of the child.
On September 13, 2016, the juvenile court conducted a hearing on the aunt's request for an award of emergency custody. During that hearing, the parties testified that the mother and the child had moved from Miami, Florida, to Alabama on July 22, 2016. Their testimony also referenced a Florida court action pertaining to the child, who is 17 years old, that resulted in the child's being removed from the mother's custody. The parties provided no specific information about that action; it is not clear whether it was in the nature of a delinquency action or a dependency action.
On September 13, 2016, the juvenile court entered an emergency order awarding the aunt pendente lite custody of the child. The juvenile court scheduled a dependency hearing that was ultimately conducted on February 7, 2017. The mother failed to appear at the dependency hearing. None of the evidence presented at the dependency hearing provided additional information concerning the Florida court action pertaining to the child.
On February 7, 2017, the juvenile court entered a judgment finding the child to be dependent and awarding custody of him to the aunt. The mother filed a postjudgment motion, and the juvenile court denied that motion. The mother timely appealed.
Neither party has addressed the jurisdiction of the Alabama courts to consider the aunt's dependency action. The Alabama Juvenile Justice Act, § 12-15-101 et seq., Ala. Code 1975, governs dependency actions. However, the Uniform Child Custody Jurisdiction and Enforcement Act ("the UCCJEA"), § 30-3B-101 et seq., Ala. Code 1975, governs the jurisdiction of circuit courts and juvenile courts to consider a "child custody proceeding." A child-custody proceeding governed by the UCCJEA includes not only an action between parents seeking custody determination but also, among other things, a dependency action. M.B. v. B.B., 244 So.3d 128, 131 (Ala. Civ. App. 2017) ; J.D. v. Lauderdale Cty. Dep't of Human Res., 121 So.3d 381, 384 (Ala. Civ. App. 2013). Thus, in order to properly exercise subject-matter jurisdiction over the aunt's action seeking to have the child declared dependent and seeking an award of custody of the child, the juvenile court had to comply with the jurisdictional requirements of the UCCJEA.
*12 In order to make a custody determination incident to a dependency determination, a juvenile court must have jurisdiction to make an initial custody determination under the UCCJEA. M.B. v. B.B., 244 So.3d at 131 ; J.D. v. Lauderdale Cty. Dep't of Human Res., supra. In setting forth the requirements for a court to have jurisdiction to make an initial custody determination, the UCCJEA provides, in pertinent part:
"(a) Except as otherwise provided in Section 30-3B-204, [Ala. Code 1975,] a court of this state has jurisdiction to make an initial child custody determination only if:
"(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
"(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, [Ala. Code 1975,] and:
"a. The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
"b. Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;
"(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 30-3B-207 or 30-3B-208 ; or
"(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).
"(b) Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
"(c) Physical presence of a child is not necessary or sufficient to make a child custody determination."
§ 30-3B-201, Ala. Code 1975.
"We note that the term 'home state' is also defined under § 30-3B-102(7)[, Ala. Code 1975,] of the UCCJEA as:
" 'The state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of the child or any of the mentioned persons is part of the period.'
"In Ex parte Siderius, 144 So.3d 319, 324-25 (Ala. 2013), our supreme court noted that of the two definitions of 'home state' in the UCCJEA, i.e., the one set forth in § 30-3B-102(7) and the one set forth in § 30-3B-201(a)(1), the definition set forth in § 30-3B-201(a)(1) is broader. The court then concluded that 'we resolve the apparent conflict between the two sections, in keeping with the purposes of the UCCJEA, by applying the construction that finds the existence of a home state, rather than *13 the one that finds that the children had no home state.' Id. at 325."
M.B. v. B.B., 244 So.3d at 131-32.
In this case, the child moved to Alabama on July 22, 2016, or not quite two months before the initiation of the aunt's dependency action. Therefore, under the UCCJEA, it does not appear that Alabama can be said to be the child's home state. Further, the record indicates that there existed a court action in Florida pertaining to the child, and it is not clear whether that action had been resolved and whether the Florida court might have maintained continuing jurisdiction over the child under the UCCJEA. The record contains no indication that the parties or the juvenile court addressed the issue of jurisdiction under the UCCJEA in the dependency action; the parties did not present evidence regarding the child's home state, the earlier Florida court action, or whether the Florida court needed to, or did, decline to exercise jurisdiction over the child.
We note that the juvenile court had jurisdiction to enter its emergency pendente lite custody order. See § 30-3B-204, Ala. Code 1975; and J.D. v. Lauderdale Cty. Dep't of Human Res., 121 So.3d at 385. However, emergency jurisdiction is limited, and such emergency jurisdiction does not provide a juvenile court with jurisdiction to make a dependency determination and a custody award incident to that determination. M.B. v. B.B., 244 So.3d at 132-33 ; J.D. v. Lauderdale Cty. Dep't of Human Res., supra.
The record does not contain sufficient evidence from which this court can determine whether the Alabama courts have jurisdiction over the dependency action. Accordingly, we reverse the judgment and remand the cause for the juvenile court to make a determination, based upon the receipt of additional evidence, if necessary, whether it may exercise jurisdiction over the dependency action under the UCCJEA. M.B. v. B.B., supra.
REVERSED AND REMANDED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.