THOMPSON, Presiding Judge.
This is the second time M.B. ("the mother") and B.B. and A.B. ("the custodians") have been before this court. In our earlier opinion, we set forth the procedural history as follows:
"The record indicates the following pertinent procedural history and facts. The mother has lived in Colorado for the last 15 years. The child at issue was born in February 2014 in Colorado. The mother ended her relationship with R.L., who is the child's alleged father, in January 2015, when the child was almost 11 months old, and she moved with the child to a new apartment in the Denver, Colorado, area. On approximately January 10, 2015, the mother was arrested for driving under the influence after being stopped for a minor traffic violation. Following that arrest, the Colorado Department of Human Services ('CDHS') took the child into protective custody. Testimony from A.B. indicates that the child spent 19 days in foster care in Colorado. Thereafter, with the mother's permission, CDHS contacted the custodians, who live in Alabama, about serving as a relative placement for the child, and they agreed to take the child. The child has lived in the custodians' home since January 29, 2015."
M.B. v. B.B., 244 So.3d 128, 129 (Ala. Civ. App. 2017) (footnotes omitted).
On June 17, 2015, the custodians filed a petition in the Lee Juvenile Court ("the juvenile court") seeking to have the child declared dependent and requesting an award of custody of the child. That action was designated as case number JU-15-303.01. On July 24, 2015, the juvenile court entered a pendente lite order in case number JU-15-303.01 in which it, among other things, found the child to be dependent and awarded custody of the child to the custodians. In that July 24, 2015, order, the juvenile court specified that, if the issue of dependency was not resolved or if a "request for a return of custody" was not filed before July 1, 2016, the July 24, 2015, order would become final.[1]
On June 30, 2016, the mother filed a petition seeking the return of custody of the child. The juvenile-court clerk designated that petition as initiating case number JU-15-303.02; however, as this court noted in M.B. v. B.B., 244 So.3d at 130, "it is clear that the mother's request was for a return of custody in the original dependency action and that the juvenile court properly treated it as such." The juvenile court conducted an ore tenus hearing, and on February 14, 2017, the juvenile court entered a judgment in case number JU-15-303.02 in which it again found the child to be dependent, awarded custody of the *264 child to the custodians, and ordered that the action be closed.[2] The mother timely appealed that judgment. M.B. v. B.B., supra. This court reversed the February 14, 2017, judgment and remanded the cause to the juvenile court for the juvenile court to examine and determine whether it had subject-matter jurisdiction. M.B. v. B.B., supra.
In M.B. v. B.B., supra, this court, ex mero motu, questioned the jurisdiction of the juvenile court to consider the dependency action, including the mother's petition seeking the return of custody, and to enter a judgment finding the child to be dependent. In that opinion, this court noted that the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), § 30-3B-101 et seq., Ala. Code 1975, governs custody actions, including dependency actions. M.B. v. B.B., 244 So.3d at 131 (citing § 30-3B-102(4), Ala. Code 1975; M.B.L. v. G.G.L., 1 So.3d 1048, 1050 (Ala. Civ. App. 2008) ; and H.T. v. Cleburne Cty. Dep't of Human Res., 163 So.3d 1054, 1062 (Ala. Civ. App. 2014) ). This court observed that because the child had not been in Alabama for six months at the time the dependency action was filed, "[i]t did not appear that" Alabama "could be said to be the child's 'home state' under" the UCCJEA and, therefore, that the record did not demonstrate that the juvenile court had jurisdiction to resolve that action.[3] M.B. v. B.B., 244 So.3d at 132. However, this court noted that the juvenile court could exercise emergency jurisdiction under the UCCJEA and that, under certain conditions, that emergency jurisdiction might ripen into subject-matter jurisdiction over the dependency action. M.B. v. B.B., supra. This court explained:
"We acknowledge that, under certain circumstances, an Alabama court may take actions pertaining to a child under the emergency-jurisdiction provision of the UCCJEA. See § 30-3B-204, Ala. Code 1975. However, 'a juvenile court exercising temporary emergency jurisdiction under § 30-3B-204 does not have jurisdiction to adjudicate dependency and award custody by virtue of the limited jurisdiction provided to it.' J.D. v. Lauderdale Cty. Dep't of Human Res., 121 So.3d 381, 385 (Ala. Civ. App. 2013).... However, in order to properly exercise subject-matter jurisdiction after utilizing emergency jurisdiction under the UCCJEA, the juvenile court would have had to comply with the requirements of § 30-3B-204, including provisions specifying that it communicate with a Colorado court that might have exercised jurisdiction over the child.[4 ] The record before this court contains no indication that the juvenile court has done so."
*265 M.B. v. B.B., 244 So.3d at 132-33 (footnote omitted). This court reversed the February 14, 2017, judgment in case number JU-15-303.02 and remanded the cause for the juvenile court to conduct further proceedings and to receive further evidence, if necessary, to determine whether it could properly exercise subject-matter jurisdiction over the proceedings in the juvenile court. M.B. v. B.B., 244 So.3d at 133. This court's opinion concluded:
"[G]iven the lack of evidence in this case pertaining to whether the juvenile court properly exercised jurisdiction over the dependency action, we reverse the judgment of the juvenile court and remand the cause for a timely determination by the juvenile court, based, if necessary, on its receipt of additional evidence, on the issue of its jurisdiction under the UCCJEA. D.B. v. Coffee Cty. Dep't of Human Res., [26 So.3d 1239 (Ala. Civ. App. 2009) ]; M.J.P. v. K.H., 923 So.2d 1114, 1117 (Ala. Civ. App. 2005)."
M.B. v. B.B., 244 So.3d at 133.
On remand, the juvenile court ordered the parties to gather information on the issue of whether there existed any past or current proceedings concerning the child in the Colorado courts, and it scheduled a hearing for September 5, 2017. On September 1, 2017, the mother filed a motion to set aside or vacate the juvenile court's orders in the dependency action on the basis of a lack of subject-matter jurisdiction.
On September 5, 2017, the juvenile court conducted a hearing at which it heard the arguments of the parties' attorneys. The juvenile court did not receive any evidence at that September 5, 2017, hearing. Also on September 5, 2017, the custodians initiated a new action, designated as case number JU-15-303.03, in which they alleged that the child was dependent and sought an award of custody of the child.
On September 15, 2017, the juvenile court entered identical orders in case numbers JU-15-303.01, JU-15-303.02, and JU-15-303.03. In those orders, the juvenile court made a number of findings and statements concerning the issue of its own subject-matter jurisdiction.
The mother filed a petition for a writ of mandamus in each action, and this court elected to treat those petitions as appeals. See Price v. Clayton, 18 So.3d 370, 374-75 (Ala. Civ. App. 2008). We have consolidated the appeals. Before this court, in addition to arguing that the juvenile court lacked subject-matter jurisdiction over the actions filed below, the mother argues that the juvenile court's September 15, 2017, orders do not comply with this court's mandate set forth in M.B. v. B.B., supra. The September 15, 2017, orders set forth the juvenile court's determination that it had properly exercised emergency jurisdiction over the custodians' original dependency action pursuant to § 30-3B-204(a), Ala. Code 1975; the juvenile court then asked the parties to brief whether its earlier orders were final. The court's September 15, 2017, orders provide, in part:
"[A] child-custody determination made under 204(a) 'becomes a final determination if it so provides and this state becomes the home state of the child.' § 30-3B-204(a), Ala. Code 1975. This court's order of July 24, 2015, did, in fact, provide that it was set to become a terminal order by July 1, 2016.... The subsequent order of February 14, 2017, following the trial on the mother's request to modify, likewise denotes that it was a final order....
"The parties are now requested to brief the Court on whether or not this Court's prior orders have now become final under § 30-3B-204(b) or some other authority, and whether or not Alabama now has exclusive continuing jurisdiction *266 since there has been no action in Colorado to supersede it."
The record indicates that, in response to the September 15, 2017, orders, the child's guardian ad litem filed a brief as requested by the juvenile court. The mother filed in case number JU-15-303.03 a motion to stay the briefing requested in the September 15, 2017, orders. In response to the mother's motion to stay, the juvenile court ordered that briefs would be due on September 20, 2017. On that date, the mother filed in all three actions a brief arguing that the juvenile court lacked subject-matter jurisdiction. Before the juvenile court could rule further, however, the mother, on September 22, 2017, sought relief in this court. The juvenile court entered an order in each action stating that it would not make any further rulings pending this court's ruling.
Before this court, the mother has argued that the juvenile court failed to comply with this court's directions in M.B. v. B.B., supra. The mother has also maintained that the juvenile court lacks subject-matter jurisdiction. The record indicates that the juvenile court conducted a hearing on the issue of its jurisdiction and, based on the arguments it received at that hearing, determined that it had exercised emergency jurisdiction over the original dependency action. As noted in our earlier opinion, a juvenile court exercising emergency jurisdiction may not make a dependency finding and a custody determination incident to such a finding. M.B. v. B.B., 244 So.3d at 133 (citing J.D. v. Lauderdale Cty. Dep't of Human Res., 121 So.3d 381, 385 (Ala. Civ. App. 2013) ). Although a juvenile court may acquire subject-matter jurisdiction under certain circumstances after exercising emergency jurisdiction, see § 30-3B-204, in its September 15, 2017, orders the juvenile court did not make a determination regarding whether such circumstances existed. Rather, the juvenile court asked the parties for additional briefs to assist it in making that determination. The mother sought relief in this court before the juvenile court could rule after its request for additional briefs. We conclude that the mother has prematurely sought relief in this court. Accordingly, we dismiss the mother's appeals and remand the causes to the juvenile court for it to complete its determination regarding the issue of its subject-matter jurisdiction.
The mother's motion for an award of an attorney fee is denied.
2161057-APPEAL DISMISSED.
2161058-APPEAL DISMISSED.
2161059-APPEAL DISMISSED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

In M.B. v. B.B., supra, this court mistakenly stated that the July 24, 2015, order had been entered on May 10, 2015.

As we noted in M.B. v. B.B., 244 So.3d at 130 n. 6, "[a]lthough the February 14, 2017, judgment is designated as being entered in case no. JU-15-303.02, it is clear that that judgment pertains to the original dependency action initiated by the custodians."

That observation was based on our assumption that the dependency action had been initiated before May 10, 2015-i.e., less than six months after the child had been placed with the custodians in Alabama on January 29, 2015. See M.B. v. B.B., supra. Although we were mistaken about the relevance of May 10, 2015, see note 1, supra, our reasoning in M.B. v. B.B. is still valid: the custodians' dependency action was commenced on June 17, 2015, less than six months after January 29, 2015; thus, it still "does not appear that, at the time the dependency action was initiated, Alabama could be said to be the child's 'home state' under the UCCJEA. M.B. v. B.B., 244 So.3d at 132.

As in M.B. v. B.B., supra, this court continues to make "no determination whether the juvenile court could properly exercise jurisdiction pursuant to § 30-3B-204 under the facts of this case." 244 So.3d at 133 n. 8.